The Honorable John W. Mikos Sarasota County Property Appraiser 2001 Adams Lane Sarasota, Florida 34237
Dear Mr. Mikos:
You ask substantially the following question:
Is an employee of the Property Appraiser's Office who is a registered appraiser required to have a supervising appraiser countersign an appraisal report if the employee includes his or her designation and number on the report?
In sum:
In light of the exemption in section 475.612(6), Florida Statutes, an appraiser in the Property Appraiser's Office is not subject to the requirements of Part II, Chapter 475, Florida Statutes, even if the employee includes his or her registration designation and number on the appraisal.
You state that your employees perform many appraisal services in carrying out their duties within the Property Appraiser's Office. Although many of your employees are certified, licensed, or registered appraisers pursuant to Part II, Chapter 475, Florida Statutes, you state that this is not a requirement of your office or of state law or regulation.
According to your letter, the testimony and appraisal report of one of your employees was challenged at a recent value adjustment board hearing. The claim was made that the appraisal report, which was signed by the employee who identified himself as a registered appraiser, did not bear a countersignature of the employee's supervisor and, thus, violated Rule 61J1-7.006, Florida Administrative Code.[1] The attorney for the Florida Real Estate Appraisal Board, however, has advised your office that due to the exemption in section 475.612(6), Florida Statutes, an appraiser in your office is not subject to the requirements of Part II, Chapter 475, Florida Statutes, even if the employee states his registration designation and number.
You, therefore, ask whether section 475.612(6), Florida Statutes, exempts an employee of your office from the requirements of Part II, Chapter 475, Florida Statutes, and the rules adopted by the board, when the employee is performing appraisal services within the scope of his or her employment, if the employee states on the report that he or she is a registered appraiser.
Part II of Chapter 475, Florida Statutes, was adopted in response to a legislative finding that regulation of real estate appraisers in this state was necessary in the interest of the public welfare.[2] Section 475.612, Florida Statutes, provides:
A person may not use the title "certified real estate appraiser," "licensed real estate appraiser," or "registered real estate appraiser," or any abbreviation or words to that effect, or issue an appraisal report in connection with any federally related transaction unless such person is certified, licensed, or registered by the [Department of Business and Professional Regulation]. However, the work upon which an appraisal report is based may be performed by a person who is not a certified, licensed, or registered appraiser if the report is approved and signed by a certified or licensed appraiser.[3]
Subsection (6) of the statute, however, provides:
This section shall not apply to any employee of a local, state, or federal agency who performs appraisal services within the scope of his employment. However, this exemption shall not apply where any local, state, or federal agency requires an employee to be registered, licensed, or certified to perform appraisal services.
The question has been raised whether section 475.612(6) exempts government employees from all of Part II, Chapter 475 or only the provisions of section 475.612. While section 475.612(6) refers to "section" in providing for the exemption, the term "section" is used throughout Part II, Chapter 475, Florida Statutes, to refer to the entire Part II and not to a single statute.[4] Such a reference is understandable by an examination of the legislative history surrounding the enactment of Part II, Chapter 475. Section 9 of Chapter 91-89, Laws of Florida, created Part II of Chapter 475.[5] Thus, the reference to "section" would appear to refer to section 9 and, therefore, encompass all the statutes created by section 9 of chapter 91-89, i.e., Part II, Chapter 475.
Accordingly, the Legislature has exempted government employees in the performance of their governmental functions from the provisions of Part II of Chapter 475 or from the rules of the Florida Real Estate Appraisal Board.[6] An employee of your office providing appraisal services, therefore, is not subject to the provisions of Part II, Chapter 475, Florida Statutes, or rules adopted thereunder, when carrying out the duties of his or her employment.
Thus, the requirement in Rule 61J1-7.006, Florida Administrative Code, that an appraisal signed by a registered appraiser be countersigned by the appraiser's supervisor does not apply to such employees who are performing their governmental duties. The fact that the employee may be licensed or registered does not change the exemption afforded by section 475.612, Florida Statutes. Nor does the fact that the employee may note on an appraisal that he or she is a registered appraiser remove the exemption afforded by that statute.
I therefore concur with the opinion reached by the attorney for the Florida Real Estate Appraisal Board that in light of the exemption in section 475.612(6), Florida Statutes, an appraiser in your office is not subject to the requirements of Part II, Chapter 475, Florida Statutes, even if the employee includes his registration designation and number on the appraisal.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Rule 61J1-7.006, F.A.C., provides that "[w]henever a registered appraiser signs an appraisal report, the registered appraiser's primary or secondary supervising licensed or certified appraiser(s) must also sign the appraisal report."
[2] See, s. 475.610, Fla. Stat. (1995), setting forth the purpose of Part II, Ch. 475, Fla. Stat. (1995).
[3] Section 475.612(1), Fla. Stat. (1995).
[4] See, e.g., s. 475.620(1), Fla. Stat. (1995), which states that a license or certification may not be issued under this section to corporations or partnerships; s. 475. 622(1), Fla. Stat. (1995), providing for the display and disclosure of registration, licensure, or certification for "[e]ach appraiser registered, licensed, or certified under this section." Neither of the above section provide for the issuance of licenses.
[5] See, s. 9, Ch. 91-89, Laws of Florida providing that "part II, consisting of ss. 475.610, 475.611, 475.612, 475.613, 475.614,475.615, 475.616, 475.617, 475.618, 475.619, 475.620, 475.621,475.622, 475.623, 475.624, 475.625, 475.626, 475.627, 475.628,475.629, and 475.630, is created to read. . . ." And see, s. 11, Ch. 91-89, supra, providing for the sunset of Part II, Ch. 475.
[6] See, s. 475.614, Fla. Stat. (1995), authorizing the board to enact rules and decide questions of practice arising in proceedings before it. And see, s. 475.613(2), Fla. Stat. (1995), providing:
The board shall have, through its rules, full power to regulate the issuance of licenses, certifications, registrations, and permits; to discipline appraisers in any manner permitted under this section; to establish qualifications for licenses, certifications, registrations, and permits consistent with this section; to regulate approved courses; and to establish standards for real estate appraisals.